[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1703

 UNITED STATES,

 Appellee,

 v.

 DEXTER J. ANDREWS,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Joseph L. Tauro, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Cyr, Senior Circuit Judge,
 and Lipez, Circuit Judge.

 Robert E. Harvey, by appointment of the Court, and Dexter J.
Andrews, on brief pro se, for appellant.
 Jennifer Zacks, Assistant United States Attorney, with whom
Donald K. Stern, United States Attorney, was on brief, for
appellee.

OCTOBER 14, 1999

Per Curiam. Defendant Dexter Andrews was convicted after
a jury trial of possession of a firearm by a felon in violation of
18 U.S.C. 922(g)(1). He now appeals, challenging the district
court's failure to: exclude a witness who had allegedly violated a
sequestration order; grant a new trial due to allegedly improper
comments in the prosecutor's closing argument; give a requested
jury instruction; and depart downward from the sentencing
guidelines. Andrews has also filed pro se briefs raising arguments
concerning his sentence and the court's procedure for conducting
voir dire. Finding no error, we affirm.
Andrews, who had a prior criminal record including
multiple Massachusetts felony convictions, was arrested after a
police chase in the Mattapan section of Boston involving a car in
which he was a passenger. When the car stopped, Andrews fled on
foot. Three police officers testified that as Andrews exited the
car two handguns fell from his waist. Andrews, however, testified
that he had never touched the guns and claimed that they belonged
to the driver of the car, Lumumba Roberson. The jury found Andrews
guilty and he was sentenced to 210 months in prison.
I. Witness Sequestration
On Andrews's motion the district court entered a
sequestration order barring witnesses from the courtroom during the
testimony of other witnesses. At trial, Andrews testified that he
had just been introduced to Roberson on the day in question and had
never spoken to him before. The government called a rebuttal
witness, Officer Gregory Brown, who testified that he had seen
Andrews and Roberson together on two occasions. On cross-
examination, Officer Brown admitted that he had previously spoken
with his partner, Officer Craig Jones, about the fact that Officer
Jones was to testify at Andrews's trial. Officer Brown denied that
Officer Jones had asked him to testify that he had seen Andrews
with Roberson.
Andrews argues that Officer Brown violated the court's
sequestration order and that the court committed plain error by not
excluding his testimony as a sanction for that violation. We
disagree. There was no violation of the sequestration order. The
order requested by Andrews required only that Officer Brown not be
in the courtroom to hear Officer Jones testify, see Fed. R. Evid.
615, and he was not. Andrews was free to request further
restrictions covering out-of-court conversations between witnesses,
but he did not do so. He cannot complain now that Officer Brown
violated an order that the court never entered and he never
requested. See United States v. Sepulveda, 15 F.3d 1161, 1176 (1st
Cir. 1993).
II. Closing Argument
Andrews argues that the district court erred in denying
his post-trial motion for a new trial based on allegedly improper
remarks in the prosecutor's closing argument. Andrews objected to
some of those remarks; the court sustained the objection, raised
other objections sua sponte, and gave curative instructions. 
Because Andrews did not move for a mistrial or request further
curative instructions in addition to those given by the court, we
review only for plain error. See United States v. Grabiec, 96 F.3d
549, 550 (1st Cir. 1996).
Andrews contends first that statements by the prosecutor
improperly suggested that Andrews had the burden to produce
witnesses to rebut the government's evidence. The prosecutor's
rebuttal argument included the following passage:
 [PROSECUTOR:] Where is Mr. Roberson? 
We don't know where Mr. Roberson is, but Mr.
Roberson would not be expected to testify at
this 

 MR. COOPER: Objection, your Honor.

 THE COURT: No, sustained. There's no
evidence about that at all, that's improper
argument. . . .

 I've got to with respect to Mr.
Roberson, you're to understand, as I told you
before, that the defendant had no burden of
producing Mr. Roberson, even if he knew where
Mr. Roberson was.

 The defendant has no duty to bring in
any evidence. The fact that the defendant
brings in one witness that happens to be
himself doesn't mean he has to bring a second
witness.

 The government, on the other hand, has
the burden of convincing you beyond a
reasonable doubt. And so if the government
wanted to bring Mr. Roberson in here, it was
the government's burden to do so, not the
defendant's.

We agree with Andrews, and with the district court, that
the prosecutor's reference to Roberson may have improperly
suggested to the jury that Andrews had the burden to produce
Roberson to rebut the government's case. See United States v.
Roberts, 119 F.3d 1006, 1015 (1st Cir. 1997). In deciding whether
a new trial was required, we may consider, inter alia, "whether the
judge gave any curative instructions and the likely effect of such
instructions . . . ." United States v. Manning, 23 F.3d 570, 574
(1st Cir. 1994). Here, as the quoted portion of the transcript
indicates, the court intervened promptly and forcefully, in a way
that could have left no doubt in the jurors' minds that the burden
of proof was solely the government's. Because the curative
instruction rendered the misconduct harmless, the court's failure
to grant a new trial was not plain error.
Andrews complains of improper burden-shifting in other
portions of the prosecutor's closing. We find none, and we note
that those allegedly improper comments were also answered by strong 
instructions by the court that dissipated any possible prejudice.
Andrews further argues that the prosecutor improperly
vouched for the credibility of the government's witnesses when he
said, "You had, on the other hand, three officers with absolutely
no motive to come in here and tell you anything other than what
they saw that night." Improper vouching consists of placing the
prestige of the government behind a witness by offering personal
assurances about his credibility or indicating that facts outside
the knowledge of the jury support the witness's credibility. See
United States v. Auch,187 F.3d 125, 130-31 (1st Cir. 1999). Here
the prosecutor did neither; instead, he merely referred to the
witnesses' lack of motive to lie, which "falls within the accepted
bounds and was entirely proper." Id. at 131.`
III. Requested Jury Instruction
Andrews argues that the court erred in failing to give
his requested jury instruction on constructive possession. There
was no evidence, however, that generated constructive possession as
an issue the government alleged actual possession, and its
principal witnesses testified that they saw Andrews in actual
possession of the two guns. A defendant is not entitled to an
instruction that is not generated by the evidence. See United
States v. Fulmer, 108 F.3d 1486, 1495 (1st Cir. 1997). 
IV. Downward Departure from Sentencing Guidelines
Andrews argues that the district court erred in failing
to depart downward from the sentencing guidelines. Claiming that
the court erroneously believed it had no authority to depart
downward, he invokes the exception to the general rule that failure
to depart is not reviewable on appeal. See United States v.
Mangos, 134 F.3d 460, 465 (1st Cir. 1998). Andrews points to the
court's statement at the sentencing hearing that "what I am going
to do is sentence you to the minimum under the Guidelines of 210
months. I have no authority to do anything else." Without
significantly more evidence than Andrews cites, we will not find
that a judge of vast experience in sentencing under the guidelines
was ignorant of his authority to depart downward in an appropriate
case. Reading the judge's remark in context, we conclude that he
was merely expressing his view that he could not depart downward in
this case because there were no facts justifying such a departure. 
See United States v. Morrison, 46 F.3d 127, 130 (1st Cir. 1995)
(coming to same conclusion when district court stated, "if I felt
I had the authority to depart, I would").
Andrews raises additional arguments relating to his
sentencing in a pro se brief. Those arguments are clearly without
merit and we need not discuss them. 
V. Defendant's Presence During Voir Dire at the Bench 
Andrews asserts in a pro se brief that the court
committed reversible error by conducting individual voir dire of
prospective jurors at the bench, with the prosecutor and defense
attorney present, while Andrews remained seated at the counsel
table. We assume, without deciding, that Andrews had the right to
be present at such a bench conference. See Cardinal v. Gorczyk, 81
F.3d 18, 20 (2d Cir. 1996) (assuming that defendant had right to be
present at bench voir dire, but finding waiver); United States v.
Washington, 705 F.2d 489, 497 (D.C. Cir. 1983) (per curiam)
(recognizing defendant's right to be present but finding error
harmless). Andrews, however, waived that right when neither he nor
his attorney asserted it after the court explained that a marshal
would have to accompany Andrews to the bench and sit nearby. See
United States v. Gagnon, 470 U.S. 522, 528-29 (1985) (per curiam)
(defendant or counsel must affirmatively assert right to be present
at conferences, and express "on the record" waiver not required); 
see also Washington, 705 F.2d at 497 (because right is
"infrequently exercised and usually delegated to counsel, unless a
specific request is made for the defendant to participate at bench
examinations of prospective jurors, such right shall be deemed to
have been waived."). The requirement that the marshal be present
was a reasonable one and did not invalidate the waiver. See United
States v. Santiago-Lugo, 167 F.3d 81, 83-84 (1st Cir. 1999)
(security arrangements, including placement of marshals in
courtroom, within trial court's "broad discretion").
Affirmed.