**UNITED STATES of America**

v.

**Della LEMIEUX, Defendant.**

**Criminal No. 05–104–P–H–02.**

United States District Court, D. Maine.

June 12, 2006.

Renee M. Bunker, Assistant United States Attorney District of Maine, Portland, ME, for United States of America.

Peter E. Rodway, Rodway & Horodyski, Portland, ME, for Defendant.

## ORDER ON OPENING STATEMENT

HORNBY, District Judge.

█ I hold that in a criminal case a defendant's lawyer may not assume his client's identity in presenting an opening statement and may not use the first person voice, as if it were his client speaking to the jury about the evidence.

### Background

The defendant Della Lemieux is charged with conspiring to distribute or possess with intent to distribute controlled substances (cocaine and marijuana). She is also charged with possession with intent to distribute cocaine. The jury has been empanelled. Trial will begin today, Monday morning. At a trial management conference the preceding Friday afternoon, her lawyer alerted me and the prosecutor that he planned to make his opening statement by speaking as if he were his client, using the first person pronoun throughout in recounting the evidence seemingly from his client's point of view. Responsibly, he made known his plan on the record to determine if there was objection. The prosecutor did object. Although there was not time for briefing, I heard their respective positions orally on the record and permitted each to file case citations later that afternoon. I then directed a case manager to inform them of my negative ruling around 5:30 p.m., and to say that I would explain my ruling on the record. This is the explanation.

### Analysis

A lawyer's role in a jury trial is limited. I routinely instruct the jury that the lawyers are not witnesses, and that evidence comes in only through the testimony of witnesses, the introduction of exhibits, or stipulations. Aside from asking questions and moving the admission of exhibits, lawyers speak to the jury only in their openings and closings. The purpose of an opening statement is to describe to the jury what the lawyer expects the evidence to be, so that the jury will have an overview (a "roadmap" is the customary metaphor) of what the trial entails. I tell the jury that what the lawyers say in their opening statements is *not* evidence and that it is not supposed to be argument. (Argument is the purpose of the closing statement.) Indeed, when a defendant represents herself, I instruct that defendant that in her opening statement she cannot speak as if she were testifying, but must be careful to tell the jury only what the evidence will show. *See, e.g., United States v. Moskovits*, 86 F.3d 1303, 1306 & n. 6 (3d Cir.1996) ("Judge Pollak spelled out the cumbersome procedures Moskovits would have to follow to maintain the distinction between his roles as lawyer and defendant[:] You appreciate that acting as your own lawyer, you would not be able to present those facts [of your life] autobiographically to the jury except on such occasion as you would elect, if you elect, to take the witness stand as a witness. That is to say in speaking to the jury by way of argument, opening statement or closing statement, you would not be able to use the first person.... So the jury would continue to understand that you are there in your role as advocate, not as speaker about yourself.") (citation omitted).

To permit a lawyer to use the first person voice as if he were telling the story in his client's voice would therefore be very confusing for jurors, making it difficult for them to understand the nature of what they are being told in the opening statement. In other words, for what part of the narrative is the jury to conclude that the defendant has personal knowledge? When is the lawyer, speaking in the defendant's voice, giving information of which the defendant does not have personal knowledge and that actually can come only

from other witnesses? When is the lawyer giving the jury his own opinion (prohibited conduct [1]; the lawyer's view is irrelevant and inadmissible)? Is the narrative in the defendant's voice a promise that the defendant will actually testify?

The last issue raises particular concerns. An opening statement in the defendant's voice will sound to jurors very much like testimony, regardless of how much they are cautioned. That is unfair to the government, which cannot cross-examine an opening statement. At the very least, it will sound like a promise of testimony from the defendant at trial. If the defendant then does not testify, the unfulfilled promise may raise a question of adequate representation.[2]

█ Permitting the practice would also raise questions of evenhandedness. In a prosecution that has a victim, it is improper for the prosecutor to speak in the victim's voice. *See Drayden v. White*, 232 F.3d 704, 713 (9th Cir.2000) (concluding that such actions by a prosecutor "constituted misconduct," but determining that the closing argument did not "so infect[ ] the trial with unfairness" so as to be reversible error). Use of the technique by either prosecution or defense easily degenerates into an appeal for jury sympathy,[3] and distorts the purpose of opening statements.

For all those reasons, I rule that the defendant's lawyer may not assume his client's identity in making the opening statement.

SO ORDERED.

---

1. *United States v. Grabiec,* 96 F.3d 549, 550 (1st Cir.1996).

2. *Barrow v. Uchtman,* 398 F.3d 597, 606 (7th Cir.2005) (describing an earlier case as holding "that where a lawyer has promised the jury that a criminal defendant will testify in his own defense, and then unreasonably breaks this promise by not calling the defendant to the stand, such an error is both objectively unreasonable and prejudicial to the defendant").

3. *Id.; Malicoat v. State,* 992 P.2d 383, 401 (Okla.2000) (although not reversible error, such conduct by a prosecutor "very nearly constitutes an improper solicitation of sympathy").