**[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

––––––––––––

No. 99-1116

UNITED STATES OF AMERICA,
Appellee,

v.

JUAN R. MERCED-MORALES,
Defendant, Appellant.

––––––––––––

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

––––––––––––

Before

Selya, Circuit Judge,

Bownes, Senior Circuit Judge,

and Lipez, Circuit Judge.

––––––––––––

Peter Díaz-Santiago, by appointment of the court, for appellant.
Jacabed Rodriguez-Coss, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, were on brief, for appellee.

––––––––––––

October 19, 2000

––––––––––––

**SELYA, Circuit Judge.** On April 10, 1997, a federal grand jury sitting in the District of Puerto Rico returned a three-count indictment against a number of individuals. In Count 2 of the indictment, the grand jury charged several persons, including Juan R. Merced-Morales, with conspiring to distribute controlled substances in violation of 21 U.S.C. § 846. Following a five-week trial, a petit jury found Merced-Morales guilty as charged. The district court thereafter sentenced him to serve 292 months in prison. Merced-Morales appeals.[1] Having carefully reviewed the record, we affirm.

The appellant's basic argument entails a challenge to the sufficiency of the evidence. This challenge invokes a familiar standard of review: when evaluating the sufficiency of the evidence presented against a defendant in a criminal case, an appellate court must "canvass the evidence (direct and circumstantial) in the light most agreeable to the prosecution and decide whether that evidence, including all plausible inferences extractable therefrom, enables a rational factfinder to conclude beyond a reasonable doubt that the defendant

_____

[1]Merced-Morales stood trial with eight other alleged coconspirators (all of whom were found guilty), and we consolidated the nine ensuing appeals. Seven of them, including this one, were argued together on September 14, 2000. The other two were submitted on the briefs to the same panel. Because this appeal raises at least one issue peculiar to Merced-Morales, we have chosen to decide it in a separate opinion.

committed the charged crime." United States v. Noah, 130 F.3d 490, 494 (1st Cir. 1997).

The statute of conviction here is 21 U.S.C. § 846. To convict a defendant of violating that statute, the government must "show beyond a reasonable doubt that a conspiracy existed and that a particular defendant agreed to participate in it, intending to commit the underlying substantive offense." United States v. Sepulveda, 15 F.3d 1161, 1173 (1st Cir. 1993). Proof of the illicit agreement requires "no particular formalities." Id. Thus, a defendant may join in a drug-trafficking conspiracy without knowing the full extent of the enterprise or the identities of all the coconspirators. See United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989). By like token, the government may satisfy its burden through either direct or circumstantial evidence, or through any combination of the two. See United States v. Marrero-Ortiz, 160 F.3d 768, 772 (1st Cir. 1998); United States v. Hernandez, 146 F.3d 30, 33 (1st Cir. 1998). In short, both the conspiracy's existence and a particular defendant's membership in it may be inferred from the participants' "words and actions and the interdependence of activities and persons involved." United States v. Boylan, 898 F.2d 230, 241-42 (1st Cir. 1990).

Against this backdrop, we turn to the appellant's principal assignment of error. Merced-Morales concedes, as he must, that the government proved the existence of a large, long-lasting conspiracy to peddle various controlled substances. The question, then, is whether the government also proved that he was part and parcel of it. The record dictates that this question must be answered affirmatively.

At trial, the government adduced competent evidence that Merced-Morales sold contraband at a drug point operated by the conspiracy in the Ramos Antonini housing project, and that, on occasion, he carried a firearm to protect that drug point. This evidence suffices to undergird his conviction. See, e.g., Rivera-Santiago, 872 F.2d at 1079 (holding that "[t]he fact that [the defendant] participated in one retail link of the distribution chain, knowing that it extended beyond his individual role, [is] sufficient" to demonstrate his culpability as a member of a drug-trafficking conspiracy).

The appellant seeks to deflect the force of this proof by assailing the credibility of the government's several witnesses. But that line of attack avails him naught. In passing upon challenges to the sufficiency of the evidence, we are bound to refrain from making independent judgments as to witness credibility. See Noah, 130 F.3d at 494; United States

-5-

v. Echeverri, 982 F.2d 675, 677 (1st Cir. 1993).  We recently summed up this principle in United States v. Alicea, 205 F.3d 480 (1st Cir. 2000), in which we wrote that "[e]xcept in the most unusual circumstances . . . credibility determinations are for the jury, not for an appellate court."  Id. at 483.  The circumstances here are not extraordinary, so this case comes within the sweep of the general rule, rather than the long-odds exception to it.

The appellant puts a twist on his credibility theme, attempting to invoke the specter of a witness-bribery statute that provides in pertinent part:

> Whoever . . . directly or indirectly, gives, offers or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court . . . authorized by the laws of the United States to hear evidence or take testimony . . . shall be fined under this title or imprisoned for not more than two years, or both.

18 U.S.C. § 201(c)(2).  In 1998, a Tenth Circuit panel held that this statute forbade testimony given in exchange for promised leniency, and applied an exclusionary rule to remedy perceived violations.  See United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998) (Singleton I).  The appellant acknowledges that Singleton I has been withdrawn and that the Tenth Circuit,

sitting en banc, has repudiated it. See United States v. Singleton, 165 F.3d 1297, 1298 (10th Cir. 1999) (en banc) (Singleton II), cert. denied, 527 U.S. 1024 (1999). The appellant also acknowledges that this court has disavowed its reasoning. See United States v. Lara, 181 F.3d 183, 198 (1st Cir. 1999). He nonetheless argues that the spirit of Singleton I persists, and that the rationale behind the decision — namely, that testimony from government witnesses who have received inducements to testify is inherently unreliable — justifies the reversal of the jury verdict in this case.

We reject this specious argument. While the testimony of cooperating witnesses must always be scrutinized with care, see, e.g., United States v. LiCausi, 167 F.3d 36, 47 (1st Cir. 1999), the witnesses here were subjected to withering cross-examination by several sets of defense counsel, and the jury was properly instructed to weigh their testimony in light of the promises made and inducements tendered. The jury apparently found the witnesses credible. We know of no authority that would permit us, in the circumstances of this case, to second-guess the jury's assessment. We therefore decline to accept the appellant's reading of either the letter or the spirit of section 201(c)(2). See Lara, 181 F.3d at 198; Singleton II, 165 F.3d at 1298; see also United States v. Lowery, 166 F.3d 1119,

1122-24 (11th Cir. 1999); <u>United States</u> v. <u>Ramsey</u>, 165 F.3d 980, 987 (D.C. Cir. 1999); <u>United States</u> v. <u>Ware</u>, 161 F.3d 414, 418-25 (6th Cir. 1998), <u>cert.</u> <u>denied</u>, 526 U.S. 1045 (1999); <u>United States</u> v. <u>Haese</u>, 162 F.3d 359, 366-68 (5th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1138 (1999).

The appellant's second assignment of error addresses his sentence. He complains that the district court should have lowered his offense level because he was, at most, a "minor" or "minimal" participant in the offense of conviction. This complaint lacks force.

USSG §3B1.2 permits a sentencing court to shrink a defendant's offense level by four levels for "minimal" participation or two levels for "minor" participation. To earn either adjustment, however, a defendant must prove an entitlement to it. <u>See</u> <u>United States</u> v. <u>Ocasio</u>, 914 F.2d 330, 332-33 (1st Cir. 1990). Moreover, if the sentencing court refuses to grant such an adjustment, the defendant has the burden of demonstrating to the court of appeals that the sentencing court's role-in-the-offense determination was clearly erroneous. <u>See</u> <u>id.</u> This is a heavy burden, and the appellant cannot carry it in the instant case. <u>Cf.</u> <u>United States</u> v. <u>Graciani</u>, 61 F.3d 70, 75 (1st Cir. 1995) (warning that battles over a defendant's precise role in the offense almost always

-8-

will be won or lost before the sentencing court). We explain briefly.

Merced-Morales tries to portray himself as merely a bit player in the sprawling narcotics extravaganza orchestrated by José Vega-Figueroa and Carlos Hernández-Vega, suggesting that others played much more prominent supporting parts. But role-in-the-offense adjustments do not hinge exclusively on the comparative conduct of persons within a criminal enterprise. To the contrary, the availability vel non of a role-in-the-offense adjustment also depends "on comparing each offender's actions and relative culpability with the elements of the offense." Ocasio, 914 F.2d at 333. In other words, a defendant seeking such an adjustment must show that he was "substantially less culpable than the average participant." Id.

Measured by these benchmarks, the appellant's initiative fails. The indictment in this case charged Merced-Morales with conspiring to distribute narcotics — and the proof, taken in the light most flattering to the verdict, showed that he did exactly that. Moreover, he was not merely an occasional participant, but functioned as a dealer on a regular and sustained basis. After hearing arguments on the question, the lower court determined unequivocally that Merced-Morales was neither a "minimal" nor "minor" participant in the conspiracy, but, rather, a full-fledged member.

-9-

Tarrying would serve no useful purpose. "[T]he determination of a defendant's role in an offense is necessarily fact-specific." Graciani, 61 F.3d at 75. Given the elements of the offense of which Merced-Morales was convicted, the evidence amassed by the government, the allocation of the burden of proof vis-à-vis downward role-in-the-offense adjustments, and the standard of appellate review, we see no hint of clear error in the sentencing court's decision to deny a downward adjustment in this instance.

We need go no further. We conclude, without serious question, that the evidence introduced at trial, taken in the light most congenial to the government's theory of the case, amply supported the appellant's conviction. We also conclude that the lower court did not clearly err in refusing to treat the appellant as a "minor" or "minimal" participant with respect to the offense of conviction. Accordingly, the judgment below must be

**Affirmed.**