# United States Court of Appeals
## For the First Circuit

No. 05-2402

JOEL CIPES, D/B/A JOEL CIPES PHOTOGRAPHY,

Plaintiff, Appellee,

v.

MIKASA, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Selya, Lynch and Lipez, Circuit Judges.

R. Bradford Fawley, with whom Downs Rachlin Martin PLLC, Howard J. Susser, Michael P. Murphy, Burns & Levinson LLP, Leonard J. Santisi, and Frommer Lawrence & Haug LLP were on brief, for appellant.
Andrew D. Epstein, with whom Barker, Epstein & Loscocco was on brief, for appellee.

March 3, 2006

**SELYA**, **Circuit Judge**.  In the case underlying this chameleon-like appeal, a jury found defendant-appellant Mikasa, Inc. liable for copyright infringement and awarded damages of $665,000 to the copyright holder, plaintiff-appellee Joel Cipes. Mikasa, shifting theories at every turn, asks us to intercede. Finding Mikasa's evanescent arguments unpersuasive, we affirm the judgment below.

The facts are straightforward. Mikasa is a national purveyor of dinnerware, glassware, and the like.  For several years, Cipes (an independent contractor) served as Mikasa's primary advertising photographer.  Cipes copyrighted the photographs. See 17 U.S.C. § 201.

Initially, the parties operated under an oral agreement. The terms of that agreement provided that Mikasa would pay Cipes a flat fee for each commissioned photograph.  The amount of the fee varied based on complexity and intended use.  While Mikasa could thereafter reuse the photographs in its own publications (e.g., company catalogs, brochures, and mailings) without any incremental payment, it had to pay Cipes a further stipend if it wished to reuse a photograph in an advertisement placed in, say, a national magazine.

Mikasa eventually developed an antipathy to the payment of national advertising reuse fees.  In December of 1998, it informed Cipes that his relationship with Mikasa would be at risk

-2-

if he continued to insist on the supplemental payments. Cipes responded with a letter that proposed a more munificent price list for photographs taken in 1999 and eliminated any reuse fees. Mikasa did not respond to the letter but it continued to avail itself of Cipes's services.

The parties' relationship endured, without any further negotiations, throughout 2000 and into 2001. That created a problem because Cipes's letter was ambiguous. He testified that it only applied to 1999 and that, thereafter, the parties were once again operating under their original fee arrangement. Mikasa's representatives alleged that the 1999 prices and terms remained in effect for subsequent years.

Matters came to a head when Cipes demanded reuse fees for 2000 and 2001. Mikasa demurred, asserting that Cipes's letter constituted a perpetual waiver of such fees. Unable to resolve this dispute amicably, the parties went their separate ways. Mikasa nonetheless continued to reuse Cipes's photographs in national advertising media even after Cipes's attorney sent a cease-and-desist letter.

On December 10, 2002, Cipes sued Mikasa in federal district court. His complaint alleged that Mikasa (i) infringed his copyrights when it republished his photographs without a valid license and (ii) breached the parties' contract when it refused to pay the required fees for photographs reused in and after 2000.

-3-

Mikasa denied these allegations. A jury was empaneled and trial commenced on February 14, 2005.

At the close of all the evidence, the district court proposed a special verdict form (to which the parties unreservedly assented) and addressed the parties' proffered jury instructions. With respect to each suggested instruction, the court indicated whether it would include the substance of the proposition in its final charge. It then entertained comments and warned counsel that they should be sure to register any objections after the court read the final version of the instructions to the jury. See Fed. R. Civ. P. 51(c). The court declined Mikasa's request to furnish the parties with an advance written copy of the charge on the ground that the instructions were subject to linguistic polishing and other minor adjustments until the moment of delivery.

Before instructing the jurors, the court assured them that they would receive a written copy of the instructions for their reference during deliberations. Neither party objected to this anticipated course of action. The court then read the instructions, afforded the parties an opportunity to object at sidebar, and sent the jury off to commence deliberations.

What occurred next was quixotic: the deputy clerk was en route to deliver a copy of the instructions to the jurors when the jury foreman sent a note to the judge requesting the promised

-4-

instructions. The court allowed the deputy clerk to complete his mission but did not inform counsel of the note at that juncture.

Responding to the special verdict form, the jury found Mikasa guilty of infringing Cipes's copyrights and awarded Cipes $665,000 in damages. However, the jury also found that while the parties had entered an enforceable contract — presumably evidenced by Cipes's letter — Mikasa had not breached that contract. Neither party objected to the taking of the verdict, and the court discharged the jury.

Next, the court informed counsel of the note requesting the written jury instructions. The court asked the lawyers whether they had anything to say. Silence reigned.

After the court entered judgment on the verdict, Mikasa filed a renewed motion for judgment as a matter of law or, alternatively, for a new trial. See Fed. R. Civ. P. 50, 59. It argued, among other things, that the copyright infringement award was inconsistent with the finding that Mikasa had not committed a breach of contract. The district court rejected this argument, plausibly explaining that there was no necessary inconsistency; although the jury explicitly found that the parties had entered into an enforceable contract, it did not specify the terms or duration of the contract and may have found, for example, that the contract covered only the year 1999. The court proceeded to reject

Mikasa's other arguments as well and denied its post-trial motion. This timeous appeal ensued.

In its opening brief on appeal, Mikasa reiterated its inconsistent verdict claim; asserted that the copyright infringement award should not stand because the evidence established, as a matter of law, that Mikasa had a continuing license to use the photographs; and posited, in the alternative, that Cipes, through his conduct, had granted Mikasa an implied license. In response, Cipes maintained that Mikasa had not adequately preserved any of these arguments and that, in all events, none of them had the slightest merit.

Without abandoning the points pressed in its opening brief, Mikasa advanced two new theories in its reply brief. It contended for the first time that the trial court erred when it (i) failed to honor defense counsel's request for a written copy of the jury instructions before delivering the charge and (ii) neglected contemporaneously to apprise counsel of the jury note. At oral argument, Mikasa again switched gears; it waived all the issues it had briefed, save only for its claim of error with respect to the jury note.[1]

---

[1]Despite this express waiver, Mikasa's appellate counsel nevertheless proceeded at oral argument to calumnize the district court for its unwillingness to supply an advance written copy of the jury instructions. This criticism is unjustified. Although the Civil Rules require the court to inform the parties about the content of its anticipated jury instructions prior to summations and charge, see Fed. R. Civ. P. 51(b)(1), there is no requirement

While an appellate court is not compelled to accept a party's concession on an issue, see, e.g., United States v. Sánchez-Berríos, 424 F.3d 65, 81 (1st Cir. 2005) (disregarding concession of error), the issues conceded by Mikasa are both procedurally defaulted and substantively weak. Consequently, we accept the waiver and address only the claim of error anent the jury note.

Procedurally, Mikasa is barred on at least three levels from advancing its jury note claim. First, Mikasa did not object after the court told the jurors that it would furnish them with a written copy of the charge. Second, Mikasa did not object when the court belatedly informed counsel both of the jury note and of its actions with respect thereto. Such lost opportunities count against an appellant. See United States v. Sutton, 970 F.2d 1001, 1006 (1st Cir. 1992) ("When a trial judge announces a proposed course of action which a party believes to be erroneous, that party must act expeditiously to call the perceived error to the judge's attention, on pain of forfeiting the right subsequently to complain."). Third, Mikasa did not raise the jury note claim in its opening brief in this court. That omission runs afoul of the well-settled principle that issues advanced for the first time in

that a trial court give counsel a written copy of the instructions before charging the jury. Here, the court painstakingly addressed each of the parties' proposed instructions at the charge conference and, thus, fully satisfied the strictures of Rule 51(b)(1).

an appellant's reply brief are deemed by the boards. See, e.g., Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 299 (1st Cir. 2000); Sandstrom v. ChemLawn Corp., 904 F.2d 83, 87 (1st Cir. 1990).

In many instances, procedural defaults work forfeitures rather than waivers, see generally United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) (distinguishing between waivers and forfeitures), and it is therefore arguable that the jury note claim, though manifestly unpreserved, might nonetheless be reviewable for plain error. Even so, Mikasa would not be assisted. The test for plain error is familiar. Relief under that standard requires the appellant to make the following showings: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). Mikasa cannot satisfy that standard here.

Mikasa is undeniably correct in asserting that the appropriate course of action when a trial court receives a note from a deliberating jury involves sharing the note with counsel at the earliest practicable opportunity. See United States v. Hernandez, 146 F.3d 30, 35 (1st Cir. 1998); United States v. Parent, 954 F.2d 23, 25 (1st Cir. 1992). A trial court's failure to follow that course, however, does not automatically constitute

reversible error; instead, it engenders harmless-error review.  See Parent, 954 F.2d at 25; United States v. Maraj, 947 F.2d 520, 526 (1st Cir. 1991).

In this instance, the error was merely a technical one, which had no practical effect on the proceedings.  The purpose of the rule is to ensure that counsel are allowed an opportunity to comment on or object to the court's proposed response to a jury note before that response is given.  See Hernandez, 146 F.3d at 35. The instant note, however, was not one that required the court to respond substantively; the written copy of the jury instructions had been promised in the court's charge — a promise to which Mikasa had not objected — and the deputy clerk was en route to fulfill that promise when the judge received the note.  Because the judge simply decided to let the delivery proceed, he had no occasion to respond substantively.  Thus, any error in neglecting to tell counsel promptly about the note was manifestly harmless.

In a variation on this theme, Mikasa's appellate counsel insinuates that the copy of the instructions delivered to the jury did not faithfully replicate the charge as given and that this discrepancy injected an element of reversible error.  Cf. Rogers v. United States, 422 U.S. 35, 39-41 (1975) (finding court's failure to apprise counsel of jury note not harmless where question was "tantamount to a request for further instructions" beyond scope of original charge).  We have compared the copy of the instructions

sent to the jury (which the district court prudently inserted into the record) and the transcript of the charge as delivered from the bench. This comparison offers no hint of prejudicial error. Despite some trivial semantic alterations, we are satisfied that the written copy was the functional equivalent of the oral charge.

Straining at gnats while asking us to swallow a camel, Mikasa's appellate counsel also hypothesizes that the court's actions might not have been harmless if, for example, the unrecorded note had indicated something other than the district judge recounted (say, that the jury was confused about the imbricated nature of the copyright and contract claims). The district court could, of course, have avoided any such innuendo by following our prescribed procedure and marking the jury note as an exhibit for identification. See Maraj, 947 F.2d at 525. Once again, however, the error in failing to mark the note was entirely benign.

These are our reasons. First, the jury note came at the very start of deliberations. It is extremely doubtful that the jurors had time, prior to submitting the note, to discuss the case in any detail. Second, it is wildly implausible that the judge, having determined to tell the lawyers about the note, would fictionalize its contents. There is a presumption of regularity that attends certain judicial proceedings, see, e.g., Ouellette v. United States, 862 F.2d 371, 374 (1st Cir. 1988), and we are

-10-

comfortable applying that presumption here.  Third, and finally, if Mikasa had any legitimate question about the wording of the jury note, it could have asked the district court to produce the note and make it part of the record.  Having spurned this opportunity when the court advised the parties of the note, Mikasa cannot now be heard to speculate about unsubstantiated worst-case scenarios. Our review is limited to the record below, see Fed. R. App. P. 10, and there is nothing in the record to suggest that the note was anything other than a simple request that the district court follow through on its promise to furnish a copy of the charge.

We need go no further.  A party, dissatisfied with the district court's handling of a trial yet persuaded that the points it raised below lack merit, cannot blithely switch horses midstream in hopes of locating a swifter steed.  Without exception, Mikasa's claims have been waived or forfeited, and there is no basis for disturbing the district court's judgment.

**Affirmed**.