UNITED STATES of America, Plaintiff

v.

Juan HUETE–SANDOVAL, Defendant.

CR. No. 09–00170 (DRD).

United States District Court,
D. Puerto Rico.

Feb. 3, 2010.

Ronald B. Seely, U.S. Department of Justice, San Juan, PR, for Plaintiff.

Joseph C. Laws, Vivianne M. Marrero–Torres, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

### *OPINION AND ORDER*

DANIEL R. DOMINGUEZ, District Judge.

On May 13, 2009, the Grand Jury returned a three-count indictment against Defendant Juan Huete–Sandoval (hereinafter "Defendant")(Docket No. 12). This indictment alleged violations of 18 U.S.C. § 1542 (wrongful use of a U.S. Passport), 18 U.S.C. § 1028A (aggravated identity theft in relation to a wrongful use of a U.S. Passport) and 18 U.S.C. § 911 (falsely claiming to be a U.S. citizen). The alleged violations occurred on or about June 7, 2009. On September 17, 2009, a jury trial began in the instant case and on September 22, 2009, the jury returned a verdict of guilty on all three counts.

Currently pending before the Court is Defendant's *Motion for Judgment of Acquittal* (Docket No. 71), dated October 15, 2009. In this motion, Defendant claims that the admission of Exhibit # 11 during the jury trial constituted a violation of his rights under the Confrontation Clause of the Sixth Amendment of the U.S. Constitution. Defendant alleges that Exhibit # 11, which consisted of a printout from the ATS Database which included information regarding Defendant's entry into the United States through Mayaguez, Puerto Rico, was a document which was testimonial in nature and which, therefore, should not have been admitted into evidence under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Specifically, Defendant alleges that this document is hearsay which does not fit within the business records exception as it was created for the purpose of trial rather than in the course of regularly conducted business activity. Further, Defendant alleges that this document was testimonial in nature. The crux of Defendant's argument is that the Supreme Court's opinion in *Melendez–Diaz v. Massachusetts,* ——

U.S. ——, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009),[1] includes the ATS record at issue here within the group of potential evidence whose admission at trial the Confrontation Clause precludes. Admission of this evidence was key to the United States' case as it was used, standing alone, to prove at least one element of every count with which Defendant was charged.

In response to Defendant's motion, the United States filed a memorandum entitled *United States' Memorandum in Opposition to Defendant's Rule 29(c) Motion for Judgment of Acquittal* on October 29, 2009 (Docket No. 72). In this memorandum, the U.S. argues that Defendant seeks to expand the definition of "testimonial statements" beyond the limits already contemplated by the Supreme Court. Specifically, the U.S. challenges Plaintiff's argument that Exhibit # 11 is testimonial because, to find that this document was testimonial in nature would be to find that the entire ATS Database from which it was printed is testimonial. The U.S. rebuts this assertion by arguing that the ATS system is not an affidavit, solemn declaration or affirmation nor is it testimony. Accordingly, the U.S. argues that the print-out created from this database and admitted at trial as Exhibit # 11 was, in fact, admissible evidence as it was not barred from admission by the Confrontation Clause.

On November 6, 2009, Defendant filed its *Reply to the United States' Opposition to Defendant's Rule 29(c) Motion for Judgment of Acquittal* (Docket No. 75). In this motion, Defendant primarily rehashes his argument that Exhibit # 11 was testimonial in nature under *Melendez–Diaz.*

When examining a Rule 29 motion, the Court "must discern whether after assaying all the evidence *in the light most favorable to the government,* and taking all reasonable inferences in its favor, a reasonable factfinder could find, beyond a reasonable doubt that the prosecution successfully proved the essential elements of the crime." *U.S. v. Hernandez,* 146 F.3d 30, 32 (1st Cir.1998) (*quoting U.S. v. O'Brien,* 14 F.3d 703, 706 (1st Cir.1994)) (internal quotations omitted)(emphasis ours). Thus, the Court must "consider all the evidence, direct and circumstantial, and *resolve all evidentiary conflicts in favor of the verdict." U.S. v. Carroll,* 105 F.3d 740, 742 (1st Cir.), cert. denied, 520 U.S. 1258, 117 S.Ct. 2424, 138 L.Ed.2d 187 (1997).

The Confrontation Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to be confronted with witnesses against him." U.S. Const. Amend. VI. In the case of *Crawford v. Washington,* the Supreme Court held that the Confrontation Clause acts to bar "the admission of *testimonial statements* of a witness who did not appear at trial unless he was unable to testify, and the defendant had had prior opportunity for cross-examination." 541 U.S. at 68, 124 S.Ct. 1354 (emphasis ours).

 Analysis under *Crawford* generally requires a court to analyze two threshold issues: (1) whether the out-of-court statement at dispute is hearsay; and (2)

---

1. In *Melendez–Diaz,* the Supreme Court held that analysts' certificates showing the results of forensic analysis performed post-arrest on cocaine seized during the arrest constituted affidavits which were testimonial for purposes of applying the Confrontation Clause. 129 S.Ct. at 2542. Further, the Court found that these certificates were not business records kept in the ordinary course of business because they were not "created for the administration of an entity's affairs" and that, even if they were, they would be "subject to confrontation under the Sixth Amendment" as they were "prepared *specifically* for use at petitioner's trial" and were therefore testimonial. *Id.* at 2539–40 (emphasis ours).

whether the out-of-court statement at dispute was testimonial. *U.S. v. Earle*, 488 F.3d 537, 542 (1st Cir.2007). It is important to note that the Confrontation Clause only "applies to **witnesses** against the accused—in other words, those who **bear testimony**." *Davis v. Washington*, 547 U.S. 813, 823–24, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) (quoting *Crawford*, 541 U.S. at 51, 124 S.Ct. 1354) (emphasis ours). Thus, "[n]ot all hearsay implicates the 6th Amendment's core concerns." *Crawford*, 541 U.S. at 51, 124 S.Ct. 1354. Rather, the proffered evidence must be testimonial in nature. *See e.g. Davis*, 547 U.S. at 823–24, 126 S.Ct. 2266. Accordingly, the business records exception to hearsay is patently non-testimonial. *U.S. v. Munoz–Franco*, 487 F.3d 25, 38 (1st Cir.2007). Although the Supreme Court has not yet articulated a comprehensive definition of what a "testimonial statement" entails, it described the class of testimonial statements prohibited by the Confrontation Clause as following:

> ex-parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Crawford*, 541 U.S. at 52, 124 S.Ct. 1354.

Here, Defendant strains mightily in attempting to stretch the Supreme Court's decision in *Melendez–Diaz* to encompass the facts of the present case. However, Defendant falls short of convincing the Court to extend the holding in that case to necessarily classify as testimonial records kept by the U.S. Customs and Border Protection agency as a matter of course pursuant to their duty under law to maintain such records. The exhibit which is at the center of the current dispute is a true print-out of pertinent information from the ATS Database which, in turn, contains records from all border crossings made via airplane or boat, not solely those which raise red flags for officials. The type of information stored in this database is categorized as "biographical data" concerning passengers entering or leaving the United States via airplane or ship. This information includes the traveler's first and last names, date of birth and the type of document that any given passenger used to check in. The database also shows the date and port of entry into the United States utilized by the passenger. Thus, the printout at issue here which was presented as Exhibit # 11 contained the name used by Defendant when he attempted to enter the United States, a date of birth and a passport number, as well as information indicating that Defendant entered the United States through Mayaguez on June 7, 2007.

None of the information contained in Exhibit # 11 was gathered pursuant to or prepared following Defendant's arrest in anticipation of trial, as was the case in *Melendez–Diaz*. Although Defendant attempts to argue that *Melendez–Diaz* is "directly on point" here, the Court strongly disagrees. *Melendez–Diaz* did not decide the issue of whether data compiled by a government agency during routine, cross-the-board screenings conducted pursuant to its duty under the law presented a Confrontation Clause concern. Rather, that case ruled that an affidavit created post-arrest specifically for the purposes of prosecuting a criminal defendant presented a Confrontation Clause issue. No such circumstances exist here. Despite his as-

sertions to the contrary, Defendant is actually inviting the Court to extend the Supreme Court's holding in *Melendez–Diaz* to encompass data compiled as part of a routine exercise by a government agency which was later presented at evidence at a criminal trial. The Court expressly declines this invitation.

Accordingly, the Court will examine Exhibit # 11 under the framework already established in *Crawford*. Thus, the Court's first inquiry is whether the exhibit constitutes hearsay. The Court thus inquires whether the exhibit is an out-of-court "statement . . . offered in evidence to prove the truth of the matter asserted." FED.R.EVID. 801. Here, there is no dispute that Exhibit # 11 is a statement offered to prove the truth of the matter asserted within, i.e. that a person claiming to be Armando Gonzalez, with a certain birth date and passport number entered the United States through Mayaguez on June 7, 2007 and passed through a secondary screening.[2]

■ However, the United States asserts that Exhibit # 11 falls within either the business records exception or the official records exception to hearsay. *See* FED. R.EVID. 803. At trial, the United States made the same argument, asserting that the exhibit constituted a public official record consisting of a printout of the original computer record whose likeness to the original was verified by a testifying witness. Further, at trial, the United States argued that the exhibit was a business record which was not prepared for use at trial. The Court allowed the exhibit to be entered into evidence at trial and stated that it would review this decision at the Rule 29 phase. Accordingly, after review of the record, having found Defendant's argument that *Melendez–Diaz* applies here unpersuasive, the Court determines that the admission of this document into evidence under the business record exception or the public official record exceptions to hearsay was proper. The exhibit was a true copy of information contained within a database which was compiled by a government agency in the normal course of business and was properly certified and entered into evidence in the instant case.[3] Further, Exhibit # 11 was a record kept in the ordinary course of business and was certified at trial as such. Thus, having found that Exhibit # 11 fits within either the business record exception or the public record exception to hearsay, the Court must determine that no Confrontation Clause issue exists, as documents which fit within either of these exceptions are explicitly excluded from the definition of "testimonial" contemplated by *Crawford*, 541 U.S. at 76, 124 S.Ct. 1354 (Rehnquist, J. concurring); *see also* 541 U.S. at 56, 124 S.Ct. 1354 (finding that "most hearsay exceptions covered statements that by their nature were not testimonial"); *see also Munoz–Franco*, 487 F.3d at 38.

In conclusion, this Court declines to extend *Melendez–Diaz* to the facts of the

---

2. Further, the Court notes that the information contained within Exhibit # 11, and within the ATS Database itself, was provided by Defendant himself. Thus, the genesis of the information contained within the exhibit is Defendant as he was the one who provided the information regarding name, date of birth, passport number and nationality when he checked in for his voyage and when he produced the false passport to customs officials.

3. The Court also notes here that it finds Defendant's argument that, because this information could conceivably be used for future litigation, it was prepared in preparation for litigation, rather than in the normal course of business entirely unpersuasive. To rule in this manner would be tantamount to allowing the business record exception implode into itself, as most documents which fit within this exception could conceivably be used at trial someday.

instant case to declare that records of border crossings routinely kept in the ATS Database are "testimonial" in nature. Further, the Court finds that Exhibit # 11 in the instant case, which consisted of a printout of information from the ATS Database, falls within either the business record exception or the public record exception to hearsay. Accordingly, Exhibit # 11 is not testimonial in nature and raises no Confrontation Clause issue. Thus, the Court **DENIES** Defendant's *Motion for Judgment of Acquittal* (Docket No. 71), which was based exclusively on the premise that Exhibit # 11 violated Defendant's rights under the Confrontation Clause.

**IT IS SO ORDERED.**